**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MALAIKA HILL**<br>6346 Crosswoods Drive<br>Falls Church, VA 22044<br><br>**Plaintiff,**<br>v.<br><br>**AVALERE HEALTH LLC**<br>1350 Connecticut Ave, NW<br>Suite 900<br>Washington, D.C. 20036<br><br>*Serve Resident Agent*<br>CT Corporation<br>1015 15th Street NW, Suite 1000<br>Washington, D.C. 20005<br><br>**Defendant.** | * | **Civil Action #:** ____________<br><br>**Jury Trial Demanded** |

*********************************************************************************

**COMPLAINT**

Plaintiff, Malaika Hill, respectfully submits this Complaint alleging that Defendant, Avalere Health LLC, violated the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, and the DC Family and Medical Leave Act ("DCFMLA"), D.C. Code § 32–501, *et seq.*

**PARTIES**

1. Ms. Hill is an adult citizen and resides in Falls Church, Virginia.
2. Ms. Hill was an "employee" of the Defendant within the meaning of the FMLA, 29 U.S.C. 2611 and DCFMLA, D.C. Code § 32–501(1).
3. Ms. Hill was hired by Defendant in the position of a Senior Writer on or about June 1, 2015.
4. Ms. Hill was a full time employee and worked at least 1250 hours for Defendant in the last 12 months of her employment with Defendant.

5. Ms. Hill was paid an annual salary of $120,000.

6. On approximately April 26, 2016, Ms. Hill went on approved FMLA leave and DCFMLA leave from work with the Defendant for the birth of her third child.

7. Defendant terminated Ms. Hill on September 6, 2016, one day before her scheduled return to work from protected FMLA and DCFMLA leave.

8. Defendant is a for-profit corporation, incorporated in the District of Columbia.

9. Defendant employs over 200 employees.

10. Defendant utilized the services of Ms. Hill, for pay, in the District of Columbia.

11. Defendant is an employer within the meaning of the term of the FMLA, 29 U.S.C. §2611(4)(A)(i) and DCFMLA, D.C. Code § 32–501(2).

**FACTS**

12. Ms. Hill was hired by Defendant in the position of a Senior Writer on or about June 1, 2015.

13. In approximately January 2016, Ms. Hill received a positive annual evaluation from Defendant.

14. After receiving her positive annual review in January 2016, Ms. Hill always performed her job satisfactorily and was not disciplined or advised of any performance issues.

15. On January 6, 2016, during a conversation with Caroline Pearson, Ms. Hill's direct supervisor and a Senior Vice President for Defendant, Ms. Pearson told Ms. Hill that she was a valued employee and did not have to worry about her "job security" due to the acquisition of Defendant by Inovalon.

16. In approximately October 2015, Ms. Hill informed Defendant that she was pregnant.

17. In late March 2016, Ms. Hill emailed Caroline Pearson to inform her that she was going to be put on bed rest by her doctor due to her pregnancy and needed to utilize her sick leave.

18. Ms. Pearson never responded to Ms. Hill's email. Rather, when Ms. Hill and Ms. Pearson spoke on the phone a few days later, Ms. Pearson asked Ms. Hill when she expecting to go out on leave.

19. On March 4, 2016, prior to Ms. Hill's approved leave, Ms. Pearson sent Ms. Hill an email requesting a "granular list of everything you do by COB Tuesday of next week, so that I can begin identifying who will take over what items?"

20. On March 8, 2016, Ms. Hill sent Caroline Pearson a three page email that listed all of her job duties.

21. After receiving the detailed list of Ms. Hill's job duties, Defendant assigned Liz Magsig to perform the majority of Ms. Hill's job duties.

22. In April 2016, prior to going out on approved FMLA and DCMFLA leave, Ms. Hill began training Liz Magsig to perform her most important job duties.

23. On April 14, 2016, Ms. Hill sent Ms. Magsig an email that described, in detail, the process of preparing the "public visibility calendar."

24. On April 18, 2016, Ms. Hill sent Ms. Magsig an email detailing how to handle press releases, newsletters, and public research.

25. On April 19, 2016, Ms. Hill sent Ms. Magsig an email detailing new guidelines, recently put in place by Ms. Pearson, regarding the "public visibility calendar".

26. On April 21, 2016, Ms. Hill sent Ms. Magsig an email detailing how to handle interview requests.

27. On April 26, 2016, Ms. Hill's approved FMLA and DCMFLA leave began.

28. On June 2, 2016, Defendant sent Ms. Hill a letter stating the following:

> As of June 1, 2016, you have been employed by Avalere Health for one year. At your one-year anniversary, you became eligible for Family Medical Leave. As you are

> currently on leave following the birth of your daughter, the company is designating your leave taken for this purpose as Family Medical Leave.
>
> Under the District of Columbia's Family Medical Leave Act, you are eligible for up to 16 weeks of job-protected leave after the birth of a child. This leave runs concurrent with any other leave, paid or unpaid, to which you are entitled. The designation of your leave as Family Medical Leave begins with the date of this notice.

29. On September 5, 2016 at 4:55 p.m., two days before Ms. Hill's scheduled return to work date, Caroline Pearson emailed Ms. Hill and asked if she was available to speak at "2 or 2:30 before your return to work Wed?"

30. On September 6, 2016, the day before Ms. Hill's scheduled return to work date, at 8:25 a.m., Joy Godette, Payroll Accountant for Defendant, emailed Ms. Hill to confirm that Ms. Hill's return to work date was set for September 7, 2016.

31. On September 6, 2016, the day before Ms. Hill's scheduled return to work date, Ms. Hill received a text message from Caroline Pearson asking if she was available for a conference call at 2:00 p.m.

32. On September 6, 2016, at 2:00 p.m., Ms. Hill called into a conference call with Caroline Pearson and Staci Critzer. Staci Critzer is also a Senior Vice President for Defendant.

33. During the September 6, 2016 conference call, Defendant informed Ms. Hill that she was being terminated.

34. On September 7, 2016, Ms. Hill received an email from Ms. Magsig regarding news clips for that day, confirming that Liz Magsig was still performing some of Ms. Hill's job duties following Ms. Hill's termination.

35. Defendant alleged that Ms. Hill's termination was due to restructuring, resulting in the elimination of her position.

36. Ms. Hill was the only employee terminated as part of the alleged restructuring, and no other employee in a similar position was terminated.

37. The last "restructuring" at Defendant's workplace took place over eight months prior, in approximately January 2016, in connection with Defendant's purchase by another company.

38. Defendant's termination of Ms. Hill, on the day before her return from protected leave, constituted interference with her rights under the FMLA, 29 U.S.C. § 2612(a)(A) in violation of § 2615(a)(1).

39. Defendant's termination of Ms. Hill, on the day before her return from protected leave, constituted interference with her rights under the DCFMLA, D.C. Code § 32–502(a)(1), in violation of § 32-507(a).

40. Defendant's termination of Ms. Hill, on the day before her return from protected leave, constituted retaliation for exercising her rights under the FMLA, 29 U.S.C. § 2612(a)(A) in violation of § 2615(a)(2).

41. Defendant's termination of Ms. Hill, on the day before her return from protected leave, constituted retaliation for exercising her rights under the DCFMLA, D.C. Code § 32–502(a)(1), in violation of § 32-507(b).

42. Defendant's alleged justification for Ms. Hill's termination was pretext for retaliation for exercising her rights under the FMLA and DCFMLA by taking protected leave.

43. Defendant willfully violated the FMLA and DCFMLA by terminating Ms. Hill's employment on the day before her scheduled return to work from protected leave.

44. Defendant's violations of Ms. Hill's rights under the FMLA and DCFMLA were not done in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of the FMLA or DCFMLA.

45. The alleged "restructuring," Defendant's stated reason for Ms. Hill's termination, was pretext for Defendant's interference with Ms. Hill's rights under the FMLA and DCFMLA.

46. The alleged "restructuring," Defendant's stated reason for Ms. Hill's termination, was pretext for Defendant's retaliation against Ms. Hill for exercising her rights under the FMLA and DCFMLA by taking protected leave.

47. Ms. Hill suffered lost wages and benefits due to her unlawful termination in violation of her rights under the FMLA and DCFMLA.

## JURISDICTION & VENUE

48. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 29 U.S.C. § 2617.

49. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the District of Columbia.

## VIOLATIONS OF THE LAW

### COUNT I – FMLA VIOLATION: INTERFERENCE, UNDER 29 U.S.C. § 2615(a)(1)

50. All allegations of the Complaint are expressly incorporated herein.

51. At the time of her termination, Ms. Hill was on approved FMLA leave following the birth of third her child.

52. At the time of her termination, Ms. Hill was scheduled to return to work from her approved FMLA leave on September 7, 2016.

53. Defendant interfered with Ms. Hill's right to take FMLA leave, under FMLA, 29 U.S.C. § 2612(a)(1)(A), in violation of § 2615(a)(1), by terminating Ms. Hill on the day before she was scheduled to return to work.

54. Defendant's violation of Ms. Hill's FMLA rights was willful and was not done in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of § 2615 of the FMLA.

55. Relief requested – Ms. Hill requests that: (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be awarded reasonable attorney's fees and costs; and (e) she be equitably awarded reinstatement.

**COUNT II – FMLA RETALIATION, UNDER 29 U.S.C. § 2615(a)(2)**

56. All allegations of this Complaint are incorporated fully in this Count.

57. Defendant intentionally fired Ms. Hill on the day before she was scheduled to return to work from approved FMLA leave.

58. Defendant unlawfully retaliated against Ms. Hill for exercising her rights under the FMLA.

59. Defendant's alleged justification for terminating Ms. Hill was pretext for unlawful retaliation against Ms. Hill for exercising her rights under the FMLA.

60. Defendant's termination of Ms. Hill cost her lost wages and benefits.

61. Ms. Hill requests that: (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be awarded reasonable attorney's fees and costs; and (e) she be equitably awarded reinstatement and front pay.

**COUNT III – DCFMLA VIOLATION: INTERFERENCE, UNDER D.C. CODE § 32–507(a)**

62. All allegations of the Complaint are expressly incorporated herein.

63. At the time of her termination, Ms. Hill was on approved DCFMLA leave following the birth of her third child.

64. At the time of her termination, Ms. Hill was scheduled to return to work from her approved DCFMLA leave on September 7, 2016.

65. Defendant interfered with Ms. Hill's right to take DCFMLA leave, under D.C. Code § 32–502(a)(1), in violation of § 32-507(a), by terminating Ms. Hill the day before her scheduled return to work.

66. Defendant's violation of Ms. Hill's DCFMLA rights was willful and was not done in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of § 32-507(a) of the DCFMLA.

67. Relief requested – Ms. Hill requests that: (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be awarded reasonable attorney's fees and costs; and (e) she be equitably awarded reinstatement.

**COUNT IV – DCFMLA RETALIATION, UNDER D.C. CODE § 32–507(b)**

68. All allegations of this Complaint are incorporated fully in this Count.

69. Defendant intentionally fired Ms. Hill on the day before she was scheduled return to work from approved DCFMLA leave.

70. Defendant unlawfully retaliated against Ms. Hill for exercising her rights under the DCFMLA.

71. Defendant's alleged justification for terminating Ms. Hill was pretext for unlawful retaliation against Ms. Hill for exercising her rights under the DCFMLA.

72. Defendant's termination of Ms. Hill cost her lost wages and benefits.

73. Ms. Hill requests that: (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be

awarded reasonable attorney's fees and costs; and (e) she be equitably awarded reinstatement and front pay.

Respectfully submitted,

Stephen B. Lebau - Bar ID: 1011093
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
T: 443.273.1200
F: 410.296.8660
sl@joblaws.net

*Attorney for Plaintiff*

**REQUEST FOR JURY TRIAL**

Plaintiff requests that a jury of her peers hear and decide her case.

Stephen B. Lebau